United States Bankruptcy Court
Southern District of Texas
ENTERED
September 16, 2026
Nathan Ochsner, Clerk

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| **IN RE:** | § | |
| | § | **CASE NO: 25-34507** |
| **ROSSLYN2016, LLC, TEXAS ESENCIA 2019 LLC, TIMBERS2020 LLC,** | § | **CHAPTER 7** |
| **Debtors.** | § | |
| **FERCAN KALKAN,** | § | |
| **Plaintiff,** | § | |
| **VS.** | § | **ADVERSARY NO. 26-3238** |
| **MORGAN STANLEY PRIVATE BANK, NATIONAL ASSOCIATION,** | § | |
| **Defendant.** | § | |

**ORDER**
***Resolving ECF Nos. 2 and 3***

Pending before the Court are two matters self-styed as "Motion to Remand, and in the Alternative, for Abstention ("*Motion For Remand*"), ECF No. 2, filed on June 22, 2026 by Dr. Fercan E. Kalkan ("*Dr. Kalkan*") and "Morgan Stanley's Motion To Dismiss Pursuant To Federal Rule Of Civil Procedure 12(b)(6) And To Transfer Venue", ECF No. 3, filed on July 2, 2026 by Morgan Stanley Private Bank, National Association ("*Morgan Stanley*"). On September 15, 2026 the Court held a hearing and admitted Exhibits 1-20 at ECF No. 22 and struck the Exhibits at ECF No. 23 for failure to timely file them pursuant to Local Rule 9013.

## I. BACKGROUND

Dr. Kalkan is the founder and sole managing member of three Texas limited liability companies: Rosslyn 2016 LLC, Timbers 2020 LLC and Texas Escencia 2019 LLC (collectively the "*Debtors*"). ECF No. 2, ¶ 5. Each of the Debtors owned a multifamily apartment complex in

Harris County, Texas (collectively the "*Properties*"), and each borrowed money from Morgan Stanley pursuant to separate loan agreements (the "*Loans*"). *Id.* Dr. Kalkan personally guaranteed each Loan, creating direct contractual obligations between himself and Morgan Stanley separate from the borrowing Debtors (the "*Guarantees*"). ECF No. 22, Ex. Nos. 7-9. Morgan Stanley foreclosed on the properties August 5, 2025. ECF No. 22, Ex. No. 11. Dr. Kalkan alleges that Morgan Stanley foreclosed through grossly inadequate credit bids to defeat a pending purchase and sale agreement that would have paid the Loans in full and released the Guarantees. ECF No. 22, Ex. No. 5, ¶ 12. Because the foreclosure sale prices were insufficient to satisfy the amounts due under the Loans, argues Dr. Kalkan, Morgan Stanley asserts post-foreclosure deficiencies against Dr. Kalkan personally under the Guarantees. ECF No. 22, Ex. No. 5, ¶ 18. Additionally, Dr. Kalkan asserts that Morgan Stanley exercised contractual setoff rights against deposit and brokerage accounts held in Dr. Kalkan's individual name, taking approximately $12,000,000 to reduce the outstanding obligations. ECF No. 22, Ex. No. 5, ¶¶ 21-24.

An involuntary petition under chapter 11, title 11 of the United States Bankruptcy Code was filed against the Debtors on August 4, 2025.[1] An order for relief was entered on September 22, 2025. Bankr. ECF No. 6. On December 8, 2025 the U. S. Trustee filed a Motion to Convert this case to a proceeding under chapter 7. Bankr. ECF No. 78. On January 8, 2026, after conducting an evidentiary hearing, the Court found cause to convert this Debtor's bankruptcy case to a proceeding under chapter 7, title 11 of the U.S. Bankruptcy Code and a chapter 7 trustee was appointed. ECF No. 137. On May 20, 2026, and after an evidentiary hearing, this Court entered an order approving a comprehensive compromise and settlement agreement between the chapter 7

[1] Any reference to "Code" or "Bankruptcy Code" is a reference to the United States Bankruptcy Code, 11 U.S.C., or any section (i.e.§) thereof refers to the corresponding section in 11 U.S.C., initiating the bankruptcy case. "Bankr. ECF" refers docket entries made in the Debtor's bankruptcy case, No. 25-34507. Entries made in Plaintiff's Case number 26-3238 shall take the format of ECF No. __.

trustee and Morgan Stanley (the "*Settlement Order*"). Bankr. ECF No. 268. Pursuant to the Settlement Order, "all claims the Debtors' estates may have had related to Morgan Stanley's foreclosure of the Properties were fully and finally released, and all creditors and parties in interest, including Dr. Kalkan, were enjoined from pursuing such released claims against Morgan Stanley." Bankr. ECF No. 268, Sec. 4.

On May 22, 2026, Morgan Stanley initiated a lawsuit against Dr. Kalkan in New York Federal District Court for breach of guaranty and for a declaratory judgment, styled as Case No. 26-cv-4320. ECF No. 22, Ex. No. 11. Despite the Settlement Order, Dr. Kalkan filed a new lawsuit against Morgan Stanley on June 2, 2026 in the 164th Judicial District Court of Harris County, Texas, as Cause No. 2026-37121 (the "*June Lawsuit*"). ECF No. 22, Ex. No. 5. The June Lawsuit asserts two claims, to wit: (1) wrongful foreclosure, and (2) unjust enrichment arising from Morgan Stanley's setoff from Dr. Kalkan's personal accounts. ECF No.22, Ex. No. 5. Dr. Kalkan also filed lis pendens against the Properties to cloud title. ECF No. 22, Ex. Nos. 13-15.

On June 18, 2026 Morgan Stanley timely removed the June Lawsuit to this Court under 28 U.S.C. §§ 1334 and 1452, thereby commencing this Complaint. ECF No. 1. Morgan Stanley seeks dismissal of the wrongful foreclosure claim contained in the instant Complaint and transfer the June Lawsuit to the Federal District Court in New York. Dr. Kalkan opposes such relief. Dr. Kalkan seeks remand of the Complaint to the Harris County District Court. This Court has jurisdiction over this matter under 28 U.S.C. §§ 157(b) and 1334. This matter is a core proceeding because this Court has been called upon to interpret and enforce this Court's prior Settlement Order. 28 U.S.C. § 157(b)(2)(A) and (O); *Garrett v. Coventry II DDR/Trademark Montgomery Farm L.P.* 777 F3d. 792, 795-96 (5th Cir. 2015). Venue in this Court is proper pursuant to 28 U.S.C. § 1409.

## II. Analysis

Dr. Kalkan asserts that mandatory abstention is required under 28 U.S.C. § 1334(c)(2) because all statutory elements are satisfied. ECF No. 2, ¶¶ 25-31. To invoke mandatory abstention, Dr. Kalkan must demonstrate that (1) the wrongful foreclosure claim has no independent basis for federal jurisdiction, other than Section 1334(b); (2) the wrongful foreclosure claim is a non-core proceeding, i.e. it is related but does not arise under or in a case under title 11; (3) an action has been commenced in state court; and (4) the action could be adjudicated timely in state court. 28 U.S.C. § 1334(c)(2), *Schuster v. Mims*, 109 F.3d 237, 239 (5th Cir. 1997). The burden to prove that all of these elements are present is on the moving party. *Petroleum Prods. & Servs., Inc. v. McClinton Energy Grp. LLC*, 561 B.R. 662, 665 (Bankr. S.D. Tex. 2016). Mandatory abstention is inapplicable if even one element is missing. *In re EP Energy, E & P Co*. 752 F. Supp. 3d 647, 660 (S.D. Tex. 2024). Here Dr. Kalkan has failed to carry his burden as he has not demonstrated that the wrongful foreclosure claim has no independent basis for federal jurisdiction, is a non-core claim, and could be timely adjudicated in state court. Therefore, mandatory abstention is simply not applicable here.

Dr. Kalkan's arguments on permissive abstention or equitable remand fare no better. In *Montalvo v. Vela (In re Montalvo)*, 559 B.R. 825, 839 (Bankr. S.D. Tex. 2016) (Rodriguez, C. J.) this Court set out a list of facts that it considers in whether a court should abstain or the case be remanded to state court. The Court will not repeat each factor here. The June Lawsuit directly impacts the Debtors' estates and this Court's prior orders and this Court is in a better posture to adjudicate the wrongful foreclosure claim than the state court. Allowing a state court to adjudicate a wrongful foreclosure claim would delay resolution of the Debtors' bankruptcy cases. This factor weighs against abstention or remand. Although the foreclosure claim is based on Texas state law,

and no substantive issues of bankruptcy law are present in the wrongful foreclosure claim, resolution of the foreclosure claim implicates aspects of substantive bankruptcy law because it would call upon this Court to interpret the Settlement Order weighing against abstention or remand. Additionally, the law in this matter is not novel or unsettled so this factor is neutral. The alleged wrongful foreclosure claim is a settled estate claim that is being asserted by Dr. Kalkan in contradiction of this Court's Settlement Order thereby tying it closely to the Debtors' bankruptcy cases and administration of the estates making this factor weigh against abstention and remand.

Dr. Kalkan's unjust enrichment claim presents different issues from the wrongful foreclosure claim. The unjust enrichment claim is a dispute between two private non-debtor parties and has no place in this Court. Accordingly, abstention and equitable remand simply do not apply here either.

As for Morgan Stanley's motion to dismiss and transfer, Morgan Stanley argues that Dr. Kalkan has no standing to assert a wrongful foreclosure claim because Dr. Kalkan is merely the guarantor and did not own the Properties but that such wrongful foreclosure claims belonged to the Debtors which claims were released under the Settlement Agreement and Order. ECF No. 3. At the September 15, 2026 hearing additional arguments were raised by Morgan Stanley as to why the instant case should be dismissed and the underlying June Lawsuit transferred to New York.

A court must dismiss a complaint as a matter of law when the plaintiff fails "to state a claim upon which relief can be granted." *Hernandez v. Causey*, 124 F.4th 325 (5th Cir. 2024). To withstand a Rule 12(b)(6) motion, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal,* 556 U.S. 662, (2009). A claim has facial plausibility "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v.*

*Iqbal,* 556 U.S. 662, (2009). The plausibility standard "is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Walker v. Beaumont Indep. Sch. Dist.,* 938 F.3d 724 (5th Cir. 2019). The court must "accept all well-pleaded facts as true" and "view them in the light most favorable to the plaintiff." *Hernandez v. Causey*, 124 F.4th 325 (5th Cir. 2024). However, courts "do not accept as true conclusory allegations, unwarranted factual inferences, or legal conclusions." *King v. Baylor Univ*., 46 F.4th 344 (5th Cir. 2022). "All questions of fact and any ambiguities in the controlling substantive law must be resolved in the plaintiff's favor." *Walker v. Beaumont Indep. Sch. Dis*t., 938 F.3d 724 (5th Cir. 2019). While the complaint need not articulate "detailed factual allegations," it must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Richardson v. Axion Logistics, L.L.C.*, 780 F.3d 304 (5th Cir. 2015). The complaint must contain "enough facts to state a claim to relief that is plausible on its face." *King v. Baylor Univ*., 46 F.4th 344 (5th Cir. 2022). Even so, however, a "well-pleaded complaint may proceed even if it appears that a recovery is very remote and unlikely." W*alker v. Beaumont Indep. Sch. Dist*., 938 F.3d 724 (5th Cir. 2019). "[D]etermining whether a complaint states a plausible claim for relief" is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Walker v. Beaumont Indep. Sch. Dist.*, 938 F.3d 724 (5th Cir. 2019).

Here, only a mortgagor or a party in privity with the mortgagor has standing to contest a foreclosure sale. *Goswami v. Metropolitan Savings & Loan, Ass'n,* 751 S.W. 2d 487, 489 (Tex. 1998). Dr. Kalkan has pleaded injury from Morgan Stanley's deficiency demand and setoff, but those allegations do not plead that Dr. Kalkan was the mortgagor or held a legal or equitable property interest in the foreclosed Properties. The wrongful foreclosure claim is DISMISSED WITH PREJUDICE under Fed. R. Civ. P. 12(b)(6). The remaining unjust enrichment claim

asserted by Dr. Kalkan is TRANSFERRED to the Federal District Court in New York, styled as Morgan Stanley Private Bank, National Association v. Fercan Kalkan, Case No. 26-cv-4320. "[I]n situations where, as here, there exist two separately filed lawsuits pending in different courts, [t]his circuit has recognized and applied . . . the first-filed rule" *Pontchartrain Partners, L.L.C. v. Tierra De Los Lagos, LLC*, 48 F4th 603, 606 (5th Cir. 2022) (internal quotation marks omitted) (quoting *W. Gulf Mar. Assoc. v. ILA Deep Sea Lo. 24*, 751 F.2d 721, 730 (5th Cir. 1985)). Dr. Kalkan argued that the forum-selection clause in the Guarantee Agreement is not mandatory. *See e.g*. ECF No. 22, Ex. No. 7, ¶ 24. The Court does not base transfer solely on a mandatory forum-selection clause. Although the Guarantee Agreement has a nonexclusive jurisdiction clause, the clause by itself does not make New York the exclusive forum. Nevertheless, transfer is appropriate under the first-to-file rule and 28 U.S.C. § 1404. Morgan Stanley filed the New York action on May 22, 2026, before Dr. Kalkan filed his June Lawsuit and the Morgan Stanley suit includes a declaratory action under the guarantees and the propriety of the setoff against Dr. Kalkan's personal accounts. ECF No. 11. The Fifth Circuit has instructed that once substantial overlap exists, the court with prior jurisdiction over the common subject matter should resolve the related proceedings. *Cadle Co. v. Whataburger of Alice, Inc.* 174 F.3d 599, 605-06 (5th Cir. 1999). Dr. Kalkan must on or before Tuesday, September 22, 2026 release all lis pendens on the Properties.

This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, or enforcement of this Order.

**SIGNED Tuesday, September 15, 2026**

**Eduardo V. Rodriguez**
**Chief United States Bankruptcy Judge**